United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50097
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALFREDO RIOS-TORRES,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-425-ALL-PRM
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Alfredo Rios-Torres (Rios) appeals his conviction on one

count of importation of marijuana into the United States and one

count of possession of marijuana with intent to distribute.  We

disagree with Rios that the evidence was insufficient to support

the jury's verdict and, therefore, we affirm his conviction.

     Rios first challenges the evidence regarding his knowledge

of the marijuana, an essential element for both the possession

and importation charges.  See United States v. Lopez, 74 F.3d

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

575, 577 (5th Cir. 1996). As Rios made a timely Rule 29 motion for acquittal based on this element, we review under the usual "rational jury" standard. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). As the marijuana was concealed, knowledge cannot be inferred from Rios's control of the van in which the marijuana was found. See United States v. Ortega Reyna, 148 F.3d 540, 543-44 (5th Cir. 1998). However, there was sufficient circumstantial evidence of Rios's knowledge, including his nervous behavior before and after the marijuana was discovered and his changing stories regarding where he obtained the marijuana and what he planned to do with it. See id.; see also United States v. Moreno, 185 F.3d 465, 471-72 (5th Cir. 1999). Although Rios offered explanations for his inconsistencies, the jury was free to choose between reasonable constructions of the evidence. See Ortega Reyna, 148 F.3d at 543. A rational jury or trier of fact could conclude, as the jury did here, that the evidence established his knowledge of the marijuana beyond a reasonable doubt.

Rios also challenges the jury's finding of intent to distribute and that he imported the marijuana into the United States from Mexico. In his initial Rule 29 motion, Rios specifically challenged only the sufficiency of evidence regarding knowledge. Thus, he waived his challenge on any other specific elements. See United States v. Herrera, 313 F.3d 882, 884-85 (5th Cir. 2002) (en banc). Although Rios subsequently

sought to include intent to distribute in his Rule 29 challenge, he did so after the jury had retired to deliberate, rendering his challenge untimely. FED. R. CIV. P. 29. Further, at no time did he specifically challenge the sufficiency of the evidence on importation. Thus, he did not preserve these issues, and we review to determine whether the record is devoid of evidence to support the jury's verdict. See id. at 884.

With respect to intent to distribute, such intent may be inferred solely from the possession of an amount of drugs too large for personal use by the possessor. See United States v. Prieto-Tejas, 779 F.2d 1098, 1101 (5th Cir. 1986); United States v. Flynn, 664 F.2d 1296, 1307 (5th Cir. 1982). Here, the total weight of the marijuana was 217 pounds, and it was packaged and hidden in 29 boxes. Even under the more generous "rational juror" standard, we conclude that this evidence was sufficient for the jury to infer that the marijuana was intended for distribution.

As to importation, it is clear from the evidence that Rios had crossed from Juarez, Mexico, into El Paso, Texas, with the tiles. There were numerous references to Rios obtaining the tiles in Mexico and crossing over to bring the tiles to El Paso to avoid paying import fees. The officers who testified made it clear that their function was to investigate vehicles crossing into the United States from Mexico. Even under the "rational juror" standard, the evidence of importation passes muster.

For the foregoing reasons, we AFFIRM Rios's conviction.